IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03365-GPG

TERRY BETTS,

    Applicant,

v.

STATE OF COLORADO,
JASON LENGRICH, Warden,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Terry Betts, is in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Canón City, Colorado. Mr. Betts initiated this action by filing a Prisoner Complaint. Upon review of the pleading, Magistrate Judge Gallagher determined that Mr. Betts was attempting to challenge the execution of his state court sentence. Magistrate Judge Gallagher informed Mr. Betts, in a December 15, 2014 Order (ECF No. 5), that his claims must be asserted in a habeas corpus application pursuant to § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir.1997) (noting that issues concerning "parole procedure[ ] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241"). Magistrate Judge Gallagher instructed Mr. Betts to submit his claims in an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, within 30 days of the December 15 Order. (*Id.*). Mr. Betts filed his § 2241 Application on December 23,

2014. (ECF No. 7). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In the Application, Mr. Betts challenges the legality of his parole revocation. He states that his parole was revoked on September 28, 2014, pursuant to an alleged "self revocation," and that the Colorado Parole Board denied his administrative appeal on November 7, 2014. He claims that the coerced self-revocation of his parole by his parole officer violated due process and that he should have been afforded a hearing to determine his competency to self-revoke. Mr. Betts seeks immediate release from custody.

On January 6, 2015, Magistrate Judge Gallagher ordered the Respondents to file, within 21 days, a Preliminary Response to the Application, addressing the potential applicability of the affirmative defenses of timeliness and failure to exhaust state court remedies. (ECF No. 10). After obtaining an extension of time, Respondents filed a Preliminary Response on February 3, 2015. (ECF No. 16). Mr. Betts did not file a Reply to the Preliminary Response by the court-ordered deadline.

In the Preliminary Response, Respondents argue that Applicant failed to exhaust available state remedies for his claims. (ECF No. 16, at 3-4). The state court documents attached to the Preliminary Response reflect that Mr. Betts challenged his parole revocation in Mesa County District Court Case No. 09CR249, by filing a motion for state post-conviction relief, pursuant to Colo. Crim. P. Rule 35(c)(VII), on January 5, 2015. (ECF No. 16-1, at 24). That motion was pending as of February 3, 2015, when Respondents filed the Preliminary Response.

A state prisoner must exhaust available state court remedies prior to seeking

federal habeas corpus relief under 28 U.S.C. § 2241.  *See Montez*, 208 F.3d at 866.  "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir.1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Where a petitioner has not exhausted his state remedies, "[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).  A habeas petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement.  *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (internal citation omitted).

Mr. Betts' administrative appeal to the Colorado Parole Board did not satisfy the requirement that he exhaust available state <u>court</u> remedies.  And, even if the state district court has now ruled on Applicant's Rule 35(c) motion, he must appeal any adverse ruling to the Colorado Court of Appeals.  Accordingly, Mr. Betts has not exhausted his available state court remedies and he has otherwise failed to demonstrate that he is not required to satisfy the exhaustion requirement under the circumstances of this case.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) and this action are DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Betts

has not made a substantial showing of the denial of a constitutional right. It is

      FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Betts files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

      DATED March 3, 2015, at Denver, Colorado.

      BY THE COURT:

      s/Lewis T. Babcock
      LEWIS T. BABCOCK, Senior Judge
      United States District Court